```
            UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                       PARKERSBURG
```

**DREAMA D. POWELL and**
**WILLIAM N. POWELL, JR.,**

      **Plaintiffs,**

v.                                         Case No. 6:09-cv-00930

**PARKERSBURG BEDDING LLC,**

      **Defendant.**

## O R D E R

Pending before the court is Defendant's Motion to Compel Plaintiff to Submit to a Rule 35 Medical Examination (docket # 34), filed April 13, 2010. In the motion, Defendant seeks an order requiring plaintiff Dreama Powell to undergo an examination by orthopedic surgeon Dr. Paul Bachwitt of the soft tissue laceration injury to her right arm.

Plaintiff Dreama Powell has responded in opposition, asserting that Defendant is not entitled to an independent medical examination ("IME") as a matter of right; Defendant has not provided "the parameters or the protocols" for the IME; the IME is intrusive and Defendant has not shown that the information is not available from other sources; and Dr. Bachwitt "has been rendered **Not Independent**" by a West Virginia Circuit Court. (# 36, at 1-2.) [Emphasis in the original.]

Defendant has filed a reply, arguing that explanation for the

examination was provided, and that additional x-rays will not be needed if she has recent ones. (#  at 1-2.) Defendant contends that the IME is essential to its defense because clinical evaluation is required of a soft tissue injury; the MRI is inconclusive; there is disagreement among the treating physicians as to the extent of her medical improvement; the opinion of a medical expert is needed for proper assessment of the case. Id. at 3-4.

Rule 35, *Fed. R. Civ. P.*, requires a court to make the following findings before ordering a party to submit to an examination:

1. Determine that the party's mental or physical condition is in controversy;

2. Decide that there is good cause for the examination;

3. Determine that all parties and the person to be examined received notice;

4. Insure that the notice specifies the time, place, manner, conditions, and scope of the examination, as well as the person who will perform it.

The parties agree that Dreama Powell's physical condition is in controversy, and that all parties and Ms. Powell, through her attorney, received notice of the examination. The Court finds as follows:

1. The notice of the IME specified the time, date and place of the

examination and the identify of the examiner.  (# 34, at 7, Ex. A.)

2.  By letter dated March 8, 2010, counsel for Defendant included an "Independent Medical Examination Disclosure," which provides detailed information regarding the conditions and scope of the examination.  Id. at 12-13.

3.  Defendant has shown good cause for the IME because the extent of Ms. Powell's injury and her prognosis are in dispute and because Defendant should not be limited to receiving only opinions of physicians chosen by the plaintiffs and their attorney.

4.  The Court further finds that the letter dated March 3, 2010, from Mrs. Powell's attorney makes the following demands many of which are not required by Rule 35 and which are not substantially justified:

> Your correspondence fails to specify what evidence you are relying upon and does not provide any of the good cause proof required under Federal law.  In that regard, it is clearly defendant's burden to establish proper grounds for the examination sought, including a sufficient showing of the manner in which the examination is intended to result in relevant information, the specific need for the information and that the information is not available from other sources. Further, there has been no attestation from your proposed examiner that he has examined Plaintiff's medical records, the areas of disagreement or insufficiency of the information contained therein which necessitate the examination, what the examination will involve and the medical or peer reviewed acceptability of the examination.  Absent that information, you have provided me with no argument of good cause which I may even consider or present to my client.

Id. at 9.  Moreover, Ms. Powell's attorney's statement that Dr. Bachwitt "has been rendered **Not Independent**" by a West Virginia

Circuit Court is not true. In <u>Wells v. Keyes</u>, No. 07-C-365 (Cir. Ct. Kanawha Cty, Nov. 16, 2009), the Hon. Tod Kaufman wrote the following: "Plaintiff's motion i[n] limine to preclude counsel for State Farm from referring to Paul Bachwitt, M.D., as an independent expert in the presence of the jury is hereby **GRANTED**, in that counsel for State Farm has agreed not to refer to Dr. Bachwitt as 'independent.'" (# 36, at 21-22, Ex. E.) Judge Kaufman made no ruling on whether Dr. Bachwitt is independent; the accusation is irresponsible.

It is hereby **ORDERED** that Defendant's Motion to Compel (# 34) is granted and plaintiff Dreama D. Powell is ordered to submit to a physical examination by Dr. Bachwitt within sixty (60) days.

The Clerk is directed to transmit this Order to all counsel of record.

ENTER: May 18, 2010

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

4